**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                      No. 96-4550

FARSHID HAJI-EZRA TEHRANI,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-6-A)

Submitted: March 4, 1997

Decided: March 20, 1997

Before HALL and MURNAGHAN, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Stanley Powell, Arlington, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, LeDora Knight, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Farshid Haji-Ezra Tehrani appeals from his jury convictions for making a false statement to the United States Customs Service, in violation of 18 U.S.C. § 542 (1994), smuggling merchandise into the United States, in violation of 18 U.S.C. § 545 (1994), and making a false statement to a department or agency of the United States, in violation of 18 U.S.C. § 1001 (1994). Tehrani also appeals the district court's order forfeiting the silver goods Tehrani attempted to smuggle into the United States. We affirm.

On November 15, 1994, Tehrani, a citizen of Iran and a resident alien of the United States, re-entered the United States at Los Angeles International Airport ("LAX") after a trip from Los Angeles to Austria. At the airport, Tehrani met with Customs Inspector George Mendoza about three crates of goods that he wanted to get through customs. Tehrani stated that he was importing kitchen decorations and cloth worth $5,200. He denied that the crates contained jewelry.

Mendoza searched Tehrani's briefcase and found two invoices for the same goods, one listing the country of origin as India, the other indicating that the goods came from Iran. Mendoza also found an airway bill describing three wooden crates shipped from Iran, and a Generalized System of Preference, identifying three boxes of handicrafts from Iran. The crates bore airway stickers from Iran Air and four lead seals written in Farsi. While conducting an inventory of the boxes, Mendoza found over 500 pieces of silver, including household articles and jewelry, which matched the goods listed on the invoices.

Mendoza told Tehrani that he could not import the goods into the United States because of an embargo against Iranian goods. Tehrani alternately claimed that the goods came from London or Austria, and then stated that they could have come from Iran or India. Customs officials seized the goods, which were later shipped out of the United States.

On May 5, 1995, Tehrani and Albert Babazadeh met with Customs Inspector James Gillis and Customs Agent Nibblett at Washington-

Dulles International Airport ("Dulles") to clear goods through Customs. Gillis ran a computer check and found that Tehrani had attempted to import Iranian goods at LAX. Tehrani told Gillis that, when his attempt to import the silver at LAX failed, he exported the goods to Switzerland, where they were stored and eventually sent to Dulles. He stated that the goods were to be sold in the United States, and he told Nibblett that the goods were silver-plated and worth approximately $18,000.

Tehrani contends that the evidence at trial was insufficient to support his convictions. In Glasser v. United States, the Supreme Court explained that a jury verdict must be sustained if there is substantial evidence to support it. 315 U.S. 60, 80 (1942). Further, we assess the evidence in the light most favorable to the Government. See United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996), ___ U.S.L.W. ___, 1997 WL 73839 (U.S. Feb. 24, 1997) (No. 96-6868).

To prove that Tehrani made a false statement to the United States Customs Service, the Government must establish that Tehrani imported merchandise through means of a false or fraudulent practice. See United States v. Yip, 930 F.2d 142, 147 (2d Cir. 1991). A conviction for smuggling requires proof of employment of any method of introducing goods into the country surreptitiously with the intent to avoid and defeat United States customs laws. See United States v. Mehrmanesh, 689 F.2d 822 (9th Cir. 1982). Finally, to prove a violation of § 1001, the Government must establish that "(1) the defendant made a false statement to a governmental agency or concealed a fact from it or used a false document knowing it to be false, (2) the defendant acted `knowingly or willfully,' and (3) the false statement or concealed fact was material to a matter within the jurisdiction of the agency." See United States v. Arch Trading Co., 987 F.2d 1087, 1095 (4th Cir. 1993) (citation omitted).

Based upon the evidence at trial, the jury could have rationally inferred that Tehrani lied to customs officials about the type of goods he carried and the origin and value of the goods in order to bring Iranian goods illegally into the United States. Tehrani contends that

there was a "battle of the experts" regarding the country of origin and
the value of the seized silver. While both sides did offer the testimony
of several expert witnesses regarding the origin and value of the

3

goods, Tehrani is essentially arguing that the jury should have believed his experts over those of the Government. Because this court does not review the credibility of witnesses, Tehrani's claim is merit- less. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Construing the Government's evidence in the light most favorable to the Government and drawing all reasonable inferences therefrom, we find that a rational jury could have found Tehrani guilty of the charged conduct.

Section 545 states that "[m]erchandise introduced into the United States in violation of this section . . . shall be forfeited." Because, as discussed above, the Government produced sufficient evidence that Tehrani violated § 545, the silver was properly forfeited. Tehrani con- tends that, because the Government's experts selectively tested the silver and could not opine conclusively that every piece of seized sil- ver came from Iran, the entire shipment should not have been seized. Tehrani is mistaken.

Circumstantial evidence is sufficient to prove origin beyond a rea- sonable doubt. See United States v. Ivey, 949 F.2d 759, 766-67 (5th Cir. 1991). Here, there was both circumstantial and direct evidence as to the origin of the silver. The Government's expert testified that the silver pieces she tested came from Iran. She also testified that the quality and design of the silver were consistent with Iranian origin. Further, the circumstantial evidence is overwhelming: Tehrani failed to declare the goods and then lied about what the crates contained. The vast majority of Tehrani's documentation identified Iran as the country of origin. The shipper used Farsi language papers as packing materials and Farsi language lead seals as locks. Finally, after the crates were denied entry at LAX, Tehrani showed consciousness of guilt by importing them into an airport across the country and travel- ing across the country to retrieve them. Accordingly, we hold that the Government produced sufficient evidence to support the forfeiture of the entire shipment.

Therefore, we affirm Tehrani's convictions and the district court's

order of forfeiture. We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before
the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5